{¶ 54} The majority holds that Mr. Churchia's termination was a function of insubordination and thus any decrease in income he suffered was a result of his voluntary acts or omissions. I respectfully dissent.
 {¶ 55} When reviewing a judgment in a domestic proceeding, it is incumbent upon an appellate court to determine only if the trial court has abused its discretion, i.e., an action which is "not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Medical Board, *Page 13 66 Ohio St.3d 619, 621, 1993-Ohio-122. Under this standard, a reviewing court may not re-examine the evidence or substitute its judgment for that of the trial court. Id.
 {¶ 56} When the evidence is viewed in its totality, one can reasonably conclude, as the trial court did, that Mr. Churchia suffered an involuntary decrease in his wages as a result of his termination. Although Mr. Churchia was adamantine in his resistance to some of EMI's corrective measures, the record does not indicate he wanted to leave the company. Mr. Churchia specifically testified: "I did not quit. I was not under performing [sic], and I did not purposefully become terminated because I wanted to be." Further, throughout his e-mails Mr. Churchia indicates he intended on working, every day, to the best of his abilities. These remarks, which neither party nor any witness disputed, reasonably demonstrate that Mr. Churchia's loss of his bonuses and ultimate termination were not voluntary.
 {¶ 57} I recognize Mr. Churchia was recalcitrant and defiant to certain of his superiors' directives; however, his demeanor and actions do not imply he desired to quit or be fired. After a lengthy employment with the same company, it simply appears Mr. Churchia felt comfortable explicitly challenging what he felt were misguided or poorly implemented methods of increasing his statistical productivity. While his actions might not afford him immunity from termination, I cannot draw the conclusion Mr. Churchia voluntarily sought this outcome.
 {¶ 58} Again, our standard of review is very limited. If the judgment is neither arbitrary, unreasonable, nor unconscionable, we areconstrained to affirm. In my view, the majority has lost focus of this standard and instead supplemented its own judgment for that of the trial court. *Page 14 
 {¶ 59} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." AAAA Enters., Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161.
 {¶ 60} Irrespective of "countervailing reasoning process" employed by the majority, there was enough evidence presented at the hearing to draw the reasonable decision that Mr. Churchia's loss of wages was involuntary. I would therefore hold the trial court did not abuse its discretion in adopting the magistrate's decision. *Page 1